884 F.2d 1399
 12 U.S.P.Q.2d 1916
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
CHARLESWATER PRODUCTS, INC., Plaintiff/Cross-Appellant,
v.
SPAULDING FIBRE COMPANY, INC., Defendant/Appellant.
 Nos. 89-1223, 89-1224.
 United States Court of Appeals, Federal Circuit.
 Aug. 25, 1989.
 
 Before MICHEL, Circuit Judge, and SKELTON and BALDWIN, Senior Circuit Judges.
 MICHEL, Circuit Judge.
 
 DECISION
 
 1
 Spaulding Fibre Company, Inc., appeals the portion of the judgment of the United States District Court for the District of New Hampshire in Charleswater Products, Inc. v. Spaulding Fibre Co., Civil No. 83-187-D (D.N.H. Nov. 10, 1988), refusing to grant judgment notwithstanding the verdict (JNOV) in favor of Spaulding on the issues of validity and infringement. Charleswater Products, Inc., cross-appeals the portion of that judgment refusing to grant JNOV in favor of Charleswater on the issues of willful infringement and damages. We affirm.
 
 OPINION
 
 2
 This court reviews the propriety of a district court's grant or denial of a motion for JNOV under the standard of review set forth by the appropriate regional circuit. Wahpeton Canvas Co. v. Frontier, Inc., 870 F.2d 1546, 1552 n. 8, 10 USPQ2d 1201, 1207 n. 8 (Fed.Cir.1989). In this case, the law of the United States Court of Appeals for the First Circuit controls and that court has articulated the standard of review as follows:
 
 
 3
 A motion for judgment notwithstanding the verdict should be granted only after a determination that the evidence could lead a reasonable person to only one conclusion. This determination must be made without evaluating the credibility of the witnesses or the weight of the evidence and without attempting to resolve conflicting testimony. [Citations omitted.] All inferences must be drawn in favor of the nonmoving party, [citations omitted] and if there is substantial evidence supporting the verdict, it is improper for a court to enter judgment notwithstanding the verdict. [Citation omitted.]
 
 
 4
 Conway v. Electro Switch Corp., 825 F.2d 593, 598 (1st Cir.1987).
 
 
 5
 A. Validity.
 
 
 6
 Spaulding argues that the trial judge erred by not granting JNOV and entering a general verdict of invalidity in favor of Spaulding on grounds that the subject matter claimed in U.S. Patent No. 4,301,040 ('040) would have been obvious under 35 U.S.C. Sec. 103 (1982 & Supp. V 1987). As the basis for its argument, Spaulding contends that there is substantial evidence in the record to support the jury's special verdicts Nos. 1 and 2 and that these special verdicts, answered by the jury in the affirmative, are irreconcilably and hence reversibly inconsistent with the jury's failure to enter a general verdict that the claimed invention of the '040 patent was invalid on grounds of obviousness. We are not persuaded.
 
 
 7
 After a thorough examination of the record, we must conclude that the trial judge erred by disturbing the jury's special verdicts Nos. 1 and 2. Substantial evidence in the record exists for a reasonable juror to conclude both that there was prior art that was closer to the claimed invention than the prior art considered by the examiner and that the prior art prima facie taught the claimed invention. However, these conclusions do not mandate a reversal of the trial judge's denial of Spaulding's JNOV motion directed at the jury's failure to enter a general verdict of invalidity.
 
 
 8
 Obviousness under section 103 is a legal conclusion involving prior determinations of four factual inquiries: (1) the scope and content of the prior art; (2) the differences between the prior art and the claims at issue; (3) the level of ordinary skill in the pertinent art; and (4) the objective evidence of secondary considerations. Graham v. John Deere Co., 383 U.S. 1, 17-18, 148 USPQ 459, 467 (1966); Uniroyal, Inc. v. Rudkin-Wiley Corp., 837 F.2d 1044, 1050, 5 USPQ2d 1434, 1438 (Fed.Cir.1988), cert. denied, 109 S.Ct. 75 (1988). Here, it is clear from their language that special verdict No. 1 concerned the first Graham factor, that special verdict No. 2 concerned the second and third Graham factors, and that special verdicts Nos. 6, 7, and 8 concerned the fourth Graham factor. As indicated by its special verdicts, although the jury believed the prior art prima facie taught the claimed invention, in weighing that determination against the objective evidence of secondary considerations, the jury implicitly concluded that the claimed invention of the '040 patent was not invalid as obvious under section 103. Such a conclusion is not inconsistent under our caselaw, see, e.g., Simmons Fastener Corp. v. Illinois Tool Works, Inc., 739 F.2d 1573, 1575-76, 222 USPQ 744, 747 (Fed.Cir.1984), cert. denied, 471 U.S. 1065 (1985) (considering the evidence of obviousness and nonobviousness collectively and holding the claimed invention was not invalid under section 103 notwithstanding that the teachings of the prior art prima facie would have suggested to one of ordinary skill in the art the claimed invention) and is supported in this case by substantial evidence in the record. Nor, given those permissible factual determinations by the jury, can we say that as a matter of law the claimed invention would have been obvious.
 
 
 9
 B. Infringement.
 
 
 10
 Spaulding correctly recognizes that the question of literal infringement turns upon the definition of the terms "nonconducting" and "conducting" as found in the claims at issue of the '040 patent. Spaulding contends that there is absolutely no support in the record for the jury's implicit determination that the '040 patent defined "nonconducting" to mean resistivity greater than 30,000 ohms per square. Spaulding's argument is without merit.
 
 
 11
 The specification of the '040 patent defines the term "conductive" twice, once as "approximately 30,000 ohms per square surface resistivity or less," and once as "such as less than about 30,000 ohms/square inch." Based upon these definitions, a reasonable juror could determine that "nonconductive" means resistivity greater than 30,000 ohms per square. See Loctite Corp. v. Ultraseal Ltd., 781 F.2d 861, 867, 228 USPQ 90, 93 (Fed.Cir.1985) (recognizing that resort to the language of the specification may be necessary to ascertain the true meaning of disputed language of the claims). Moreover, as a matter of claim interpretation, an issue of law, we agree that nonconductive means resistivity greater than 30,000 ohms. Accordingly, JNOV on the issue of infringement is not appropriate. Because substantial evidence exists in the record supporting a conclusion that Spaulding's SEM 10000 and SEM 20000 literally infringe the '040 patent claims as properly interpreted, we need not address the issue of infringement by the doctrine of equivalents.
 
 
 12
 C. Willful Infringement.
 
 
 13
 Charleswater, citing Underwater Devices Inc. v. Morrison-Knudsen Co., 717 F.2d 1380, 1389-90, 219 USPQ 569, 576 (Fed.Cir.1983), contends that, because Spaulding allegedly knew of the '040 patent before beginning development of the SEM laminates and failed to seek and obtain competent legal advice from counsel before the initiation of any possibly infringing activity, Spaulding's infringement necessarily was willful. Underwater Devices does not provide such a per se rule, and we refuse to create one here. Not every failure to seek an opinion of competent counsel will mandate an ultimate finding of willfulness. See Spindelfabrik Suessen-Schurr Stahlecker & Grill GmbH v. Schubert & Salzer Maschinenfabrik Aktiengesellschaft, 829 F.2d 1075, 1084 n. 13, 4 USPQ2d 1044, 1051 n. 13 (Fed.Cir.1987), cert. denied, 108 S.Ct. 1022 (1988). The jury's special verdict of non-willfulness is supported by substantial evidence and properly was not disturbed.
 
 
 14
 D. Damages.
 
 
 15
 Finally, we have considered Charleswater's arguments concerning damages and find them unpersuasive. Accordingly, we affirm.